IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-02400-PAB

WILLIAM L. CRUMB,

    Plaintiff,

v.

KOHL'S DEPARTMENT STORES, INC.,

    Defendant.

---

**ORDER TO SHOW CAUSE**

---

The Court takes up this matter *sua sponte* on defendant's notice of removal [Docket No. 1]. Defendant states that the Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332. Docket No. 1 at 2, ¶ 3.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second, regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the

requirement by failing to challenge jurisdiction." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (internal citations omitted). Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed. *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Defendant asserts that this Court has diversity jurisdiction under 28 U.S.C. § 1332. Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332.

The facts presently alleged are insufficient to establish plaintiff's citizenship for the purposes of diversity jurisdiction. Defendant's notice of removal states that "Plaintiff is a resident of Colorado." Docket No. 1 at 2, ¶ 5. However, "[a]n individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship." *Siloam Springs Hotel, L.L.C., v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). And although defendant cites to plaintiff's complaint to establish diversity jurisdiction, plaintiff's allegations provide no further insight into his domicile. Plaintiff merely states that he "was at the time of the slip and fall at issue in this matter a resident of Evergreen, Colorado." Docket No. 2 at 1, ¶ 1. Not only does this allegation focus on plaintiff's residency rather than domicile, but it also fails to allege that plaintiff

2

was a citizen of Colorado *at the time the complaint was filed*. *See Siloam Springs Hotel, L.L.C.*, 781 F.3d at 1239 ("[T]he relevant time period for determining the existence of complete diversity is the time of the filing of the complaint.").

On these facts, the Court is unable to ascertain plaintiff's citizenship for purposes of diversity jurisdiction. It is therefore

**ORDERED** that, on or before January 8, 2018, defendant Kohl's Department Stores, Inc. shall show cause why this case should not be remanded due to the Court's lack of subject matter jurisdiction.

DATED January 4, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge