IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-02400-PAB-KLM

WILLIAM L. CRUMB,

    Plaintiff,

v.

KOHL'S DEPARTMENT STORES, INC.,

    Defendant.

---

# ORDER

---

This matter comes before the Court on Defendant Kohl's Department Stores, Inc.'s Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56(a) [Docket No. 38] and Plaintiff's Motion for Sanctions Due to Defendant's Spoliation of Evidence [Docket No. 63]. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## I. BACKGROUND[1]

This is a premises liability action. On February 23, 2017, plaintiff walked into a Kohl's store located at 16700 W. Colfax Ave. in Golden, Colorado. Docket No. 38 at 3, ¶ 1. There was a snow storm in the area that resulted in the closure of two major highways. *Id.* at 3, ¶ 4. Plaintiff was wearing men's dress shoes. *Id.* at 4, ¶ 9. After crossing the carpet at the entrance of the store, plaintiff stepped onto a tile floor where he slipped and fell. *Id.* at 3, ¶ 7. Plaintiff hit his head during the fall. *Id.* at 4, ¶ 8. Afterwards, he completed a Customer Incident Report indicating that he had fallen and

---

[1]The facts stated below are undisputed unless otherwise noted.

hit his head. *Id.*, ¶ 11. Plaintiff did not state in his report or otherwise inform any Kohl's employee that there was water on the tile where he fell. *Id.*, ¶¶ 11-12.[2]

Plaintiff's fall occurred at approximately 5:05 p.m. *Id.*, ¶ 13. At that time, there were two managers in the store – Sydney Markle and Cassandra Nothdurft. *Id.*, ¶¶ 14-16. While neither manager witnessed plaintiff's fall, Docket No. 46 at 6, ¶¶ 32-33, both testified that they inspected the area afterward, but did not see any water or other substance on the floor. Docket No. 38 at 5, ¶¶ 23-24. There is no evidence of any other falls occurring at the store on February 23, 2017. *Id.*, ¶ 25.

Defendant has protocols for the reporting of incidents and spills in its stores. Docket No. 46 at 5, ¶ 26. The protocols in effect in March 2017 directed employees to "[r]eview and document the condition of the [incident] area, along with any witnesses" and, specifically, to "[t]ake multiple photos of the area from different angles and obtain video (ideally 1 hour prior to the incident through 1 hour after the incident)." *Id.* at 7, ¶ 39; Docket No. 46-12 at 2. There were no photographs taken in connection with plaintiff's fall. Docket No. 46 at 7, ¶ 40. Additionally, there is no available video showing the fall or the location of the fall before or after it occurred. *Id.*, ¶ 41.

Plaintiff filed this lawsuit in the District Court for Jefferson County, Colorado on August 15, 2017. Docket No. 2. On October 4, 2017, defendant removed the case to this Court on the basis of diversity jurisdiction. Docket No. 1. In his complaint, plaintiff

---

[2]Plaintiff disputes this fact, claiming that no one asked him why he fell. *See* Docket No. 46 at 3, ¶¶ 11-12. But plaintiff does not deny that he did not tell anyone that there was water or other fluid on the floor. *See id.*; *see also* Docket No. 38-5 (Customer Incident Report). Accordingly, this fact is undisputed for purposes of summary judgment.

asserts a claim for premises liability under Colo. Rev. Stat. § 13-21-115. Docket No. 2 at 3.

On July 13, 2018, defendant moved for summary judgment. Docket No. 38. Plaintiff filed a response to defendant's motion on August 20, 2018, Docket No. 46, to which defendant replied on September 4, 2018. Docket No. 47. On December 5, 2018, plaintiff moved for sanctions based on defendant's alleged spoliation of evidence. Docket No. 63.

## II. LEGAL STANDARD

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248-50 (1986). A disputed fact is "material" if under the relevant substantive law it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc*., 259 F.3d 1226, 1231-32 (10th Cir. 2001). Only disputes over material facts can create a genuine issue for trial and preclude summary judgment*. Faustin v. City & Cty. of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim."

*Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (internal quotation marks omitted) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998)). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works of Colo., Inc. v. City & Cty. of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994). The nonmoving party may not rest solely on the allegations in the pleadings, but instead must designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotation marks omitted). "To avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Bausman*, 252 F.3d at 1115. When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.*

### III. ANALYSIS

Plaintiff seeks to hold defendant liable under Colorado's Premises Liability Act, Colo. Rev. Stat. § 13-21-115(3)(c)(I), which "allows an invitee to recover for damages caused by a landowner's 'unreasonable failure to exercise reasonable care to protect against dangers of which he actually knew or should have known.'" *Lombard v. Colo. Outdoor Educ. Ctr., Inc.*, 187 P.3d 565, 568 (Colo. 2008) (quoting Colo. Rev. Stat. § 13-21-115(3)(c)(I)).[3] To succeed on his premises liability claim, plaintiff must establish: "(1) the landowner actually knew or should have known of a danger on the premises and (2)

---

[3]It is undisputed that, at the time of the incident, plaintiff was an invitee and defendant a landowner as defined in Colo. Rev. Stat. § 13-21-115. *See* Docket No. 56 at 3-4 (pretrial stipulations).

4

[the landowner's] action or inaction constituted an unreasonable failure to exercise reasonable care to protect . . . plaintiff from that danger." *Id.* (internal quotation marks omitted).

Defendant argues it is entitled to summary judgment because plaintiff has not demonstrated that defendant knew or should have known of a dangerous condition in the store, or that defendant failed to exercise reasonable care with regard to such a condition. Docket No. 38 at 7-9. Plaintiff responds that defendant "had actual and constructive [knowledge] of a dangerous condition on the property, namely that excess water on a slick tile floor was a dangerous slipping hazard when not properly dry mopped." Docket No. 46 at 9. Plaintiff further contends that there is a genuine dispute of fact as to whether defendant took reasonable measures to abate the risks associated with the slippery floor. *Id.* at 12-14.

Viewing the evidence in a light most favorable to plaintiff, the Court finds that plaintiff has failed to establish the first element of his premises liability claim.[4] Specifically, there is no evidence showing that a dangerous condition existed in defendant's store at the time of plaintiff's fall. Defendant has presented testimony from two Kohl's managers – Sydney Markle and Cassandra Nothdurft – who were on duty at the time of the incident. Both stated that they did not see any water on the floor where plaintiff fell. Docket No. 38-2 at 5, 7, 27:3-28:9, 50:23-51:10; Docket No. 38-3 at 11, 71:21-72:7. While plaintiff cites to select portions of Ms. Markle's deposition to show that there was water on the floor prior to plaintiff's fall, *see* Docket No. 46 at 6, ¶ 37;

---

[4]The Court will therefore not address whether defendant acted negligently in response to any dangerous condition in the store.

5

Docket No. 46-6 at 16, 59:22-60:6, Ms. Markle testified that she dry mopped the area to remove the water ten minutes before plaintiff entered the store. Docket No. 46-6 at 16, 59:13-16.

Plaintiff attempts to create a genuine dispute of fact by asserting that "there is no written record, documentation, or photograph" confirming Ms. Markle's and Ms. Nothdurft's inspection of the floor after the incident. Docket No. 46 at 5, ¶¶ 23-24. He also cites testimony by Ms. Nothdurft and Nicholas Best, defendant's loss prevention associate, that they did not see Ms. Markle or any other employee dry mopping the floor where plaintiff fell. *See* Docket No. 46 at 12; *see also* Docket No. 46-2 at 16, 60:1-6; Docket No. 46-4 at 24, 89:20-22.[5] None of this evidence affirmatively contradicts Ms. Markle's and Ms. Nothdurft's testimony that there was no water on the floor at the time of the incident.[6] To the extent plaintiff suggests that Ms. Markle and Ms. Nothdurft are not credible, "[t]his is insufficient to satisfy his burden of persuasion or to defeat summary judgment." *Rowe v. Albertson's, Inc.*, 178 F. App'x 859, 861 (10th Cir. 2006)

---

[5] As discussed in more detail below, Mr. Best reviewed store surveillance footage from February 23, 2017 to determine whether there was any video capturing plaintiff's fall. *See* Docket No. 46-2 at 4-5, 9:20-22, 15:5-8.

[6] Ms. Nothdurft did not state that she would necessarily have seen Ms. Markle dry mopping the floor had she done so. *See* Docket No. 46-4 at 24, 89:15-90:7. Similarly, Mr. Best testified that there was no guarantee any of the cameras would have captured the location of plaintiff's fall, including any dry mopping in that area. *See* Docket No. 46-2 at 6, 28, 30, 17:20-18:16 (testifying that camera pointed at the west-side entrance would not have captured the edge of the carpet where plaintiff fell); 106:10-18 (testifying that cameras 3 and 4 do not ordinarily point in the direction of where plaintiff fell); 114:21-115:1 (stating that any dry mopping could have been outside of the camera view, like the location of plaintiff's fall); 115:19-116:9 (stating that the only way cameras 3 and 4 could have captured plaintiff's fall was if the cameras were being "spun" at "that exact time").

(unpublished); *see also Nat'l Am. Ins. Co. v. Am. Re-Insurance Co.*, 358 F.3d 736, 742 (10th Cir. 2004) ("Standing alone, attacks on the credibility of evidence offered by a summary judgment movant do not warrant denial of a summary judgment motion.").

Plaintiff argues that the lack of evidence showing a dangerous condition in the store is attributable to defendant's failure to preserve and/or collect documentary evidence of the incident, including photographs and surveillance footage. *See* Docket No. 46 at 14-17. In a separately-filed motion, Docket No. 63, plaintiff argues that he is entitled to either entry of default judgment or an adverse inference instruction as a sanction for defendant's destruction of evidence material to his claims. *See id.* at 12.

There is some authority for the proposition that a spoliation presumption may preclude the granting of summary judgment under certain circumstances. *See Rowe v. Albertsons, Inc.*, 116 F. App'x 171, 173, 176 (10th Cir. 2004) (unpublished) (agreeing with the magistrate judge's finding that the plaintiff had "failed to present any evidence Albertsons had actual or constructive knowledge of the dangerous condition on its premises," but reversing the grant of summary judgment based on the district court's failure to address whether the plaintiff was entitled to a spoliation presumption); *Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 107 (2d Cir. 2001) ("In borderline cases, an inference of spoliation, in combination with some (not insubstantial) evidence for the plaintiff's cause of action can allow the plaintiff to survive summary judgment." (internal quotation marks omitted)), *superseded in part on other grounds by* Fed. R. Civ. P. 37(e); *see also Helget v. City of Hays, Kan.*, 844 F.3d 1216, 1227 (10th Cir. 2017) (noting that, "as a matter of best practices, [a] district court should . . . rule[] on [a]

motion [for spoliation sanctions] before, or in the process of, deciding summary judgment). *But see Helget*, 844 F.3d at 1227 n.9 (noting absence of case law from the Tenth Circuit indicating that the destruction of evidence is sufficient to defeat summary judgment). Plaintiff, however, has not shown that he is entitled to such relief in this case.[7]

"A spoliation sanction is proper where (1) a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of the evidence." *Burlington N. & Santa Fe Ry. Co. v. Grant*, 505 F.3d 1013, 1032 (10th Cir. 2007). Having reviewed the evidence submitted in conjunction with defendant's summary judgment motion and plaintiff's motion for spoliation sanctions, the Court finds that plaintiff has established neither of these elements.

Regarding the first element, there is no evidence that defendant knew or should have known that litigation was imminent at a time when it would have been possible for defendant to either collect photographs of the floor where plaintiff fell or preserve surveillance footage from February 23, 2017. After his fall, plaintiff declined professional medical care, did not ask anyone to call his wife, and drove himself home without incident. Docket No. 65-2 at 3-4, 45:15-46:7. As plaintiff admits in his reply, the

---

[7]The Court notes that plaintiff's motion for spoliation sanctions and defendant's motion for summary judgment are governed by different standards. For example, an order denying a motion for spoliation sanctions is reviewed for abuse of discretion on appeal, whereas an order granting or denying a motion for summary judgment is reviewed de novo. *See Helm v. Kansas*, 656 F.3d 1277, 1284 (10th Cir. 2011); *Hatfield v. Wal-Mart Stores, Inc.*, 335 F. App'x 796, 804 (10th Cir. 2009) (unpublished) (citing *103 Investors I, L.P. v. Square D Co.*, 470 F.3d 985, 989 (10th Cir. 2006)). Nonetheless, the Court finds it appropriate to resolve the two motions together.

severity of his injuries was not immediately apparent after the fall and the symptoms of his brain injury "did not present themselves until six (6) weeks" later. Docket No. 67 at 8. It was not until April 10, 2017 that defendant received notice plaintiff was seeking medical attention for his injuries. *See* Docket No. 65-5 at 5. Defendant was formally advised that plaintiff was taking legal action on May 3, 2017. Docket No. 65-5 at 7.

Even assuming defendant should have known that litigation was imminent on April 10, 2017, the surveillance video had already been destroyed. Immediately after the incident, Mr. Best was asked by store management to review surveillance footage from February 23, 2017 to determine whether it captured plaintiff's fall. Docket No. 46-2 at 5, 15:3-8; Docket No. 65-12 at 5, 15:3-8. Mr. Best testified that he reviewed the footage on February 24, 2017 during the time of the fall, but was unable to observe any customer falling in the store. Docket No. 46-2 at 5, 13:19-14:5, 15:6-10; Docket No. 65-12 at 5, 15:6-10. Mr. Best explained that, had he seen someone fall, he would have saved the footage to a disk and sent it to corporate. Docket No. 46-2 at 13, 16, 45:18-46:5, 60:20-24; Docket No. 65-12 at 11, 87:6-9. Defendant's DVR system retains video for thirty days before it is written over. Docket No. 46-2 at 12, 44:5-23; Docket No. 65-12 at 9, 44:5-23. Because Mr. Best did not find any video from February 23, 2017 to save, that video was no longer accessible by the time defendant received notice of a potential lawsuit on April 10, 2017. Docket No. 46-2 at 12, 44:5-23; Docket No. 65-12 at 3-4, 9, 11, 9:4-12, 10:15-20, 44:5-23, 87:4-9.

Plaintiff has offered no evidence to rebut these facts. In an effort to show that defendant was aware of potential litigation as early as February 23, 2017, plaintiff cites a statement on the Customer Incident Report that the report was "[p]repared in

9

anticipation of litigation/Attorney Work Product-Confidential." Docket No. 63-1 at 2; *see also* Docket No. 63 at 2. However, defendant has submitted an affidavit from Amanda Hernandez, the store manager at defendant's Golden, Colorado store, in which she states that the Customer Incident Report is a "standard, pre-printed form provided by Kohl's that managers use following any incident" and is thus not indicative of whether defendant anticipates a customer filing a lawsuit. Docket No. 66 at 1, ¶ 3. Plaintiff has not presented any evidence to controvert this statement. Accordingly, the Customer Incident Report does not, standing alone, support a finding that defendant knew or should have known of imminent litigation as of February 23, 2017.

Plaintiff also points to evidence that defendant's Risk Management department opened an investigation into the incident as early as February 28, 2017. *See* Docket No. 63 at 3; Docket No. 63-2 at 1. But Ms. Hernandez explained in her affidavit that the email exchange cited by plaintiff was an attempt to "clarify the incident" and that there was no investigation into the incident for litigation purposes until after May 3, 2017. Docket No. 66 at 2, ¶ 5. Again, plaintiff has not presented any evidence to contradict Ms. Hernandez's statements or otherwise suggest that the email exchange was not merely defendant's standard response to any customer-related incident at one of its stores. As a result, the emails provide no basis for a finding that defendant was on notice of imminent litigation before April 10, 2017.

Even if defendant knew or should have known that litigation was imminent at an earlier date, plaintiff has not shown that he was prejudiced by defendant's failure to preserve evidence. To demonstrate prejudice, plaintiff must offer some proof that evidence relevant to his claim actually existed. *See Zbylski v. Douglas Cty. Sch. Dist.*,

154 F. Supp. 3d 1146, 1160 (D. Colo. 2015) ("Courts have found, and this court agrees, that a party seeking spoliation sanction must offer some evidence that relevant documents have been destroyed."); *see also Oldenkamp v. United Am. Ins. Co.*, 619 F.3d 1243, 1251 (10th Cir. 2010) (affirming denial of request for spoliation sanctions where plaintiffs had "not produced evidence that any of the documents or recordings they sought had ever existed").[8] Plaintiff has not made this showing. Mr. Best testified that he reviewed the surveillance video from February 23, 2017 but did not find any footage capturing plaintiff's fall. *See* Docket No. 46-2 at 4-5, 9:8-12, 15:5-10; Docket No. 65-12 at 3, 5, 9:8-12, 15:5-10. More importantly, Mr. Best testified that, even if all of the store's cameras had been operational at the time of plaintiff's fall, there was no guarantee that any of the cameras would have covered the location of the incident. *See* Docket No. 46-2 at 30, 113:24-114:6; Docket No. 65-12 at 12-13, 113:24-114:6. Mr. Best specifically testified that the cameras most likely to have captured the fall –

---

[8]The Court will limit the remainder of its spoliation analysis to the surveillance footage. It is undisputed that no photographs were taken of the area where plaintiff fell, and plaintiff does not cite any authority for the proposition that a defendant's failure to *collect* evidence in violation of its internal policies can serve as a basis for spoliation sanctions. *See Burlington N. & Santa Fe Ry. Co.*, 505 F.3d at 1032 (stating that spoliation sanctions are appropriate where a party had a "duty to *preserve* evidence" (emphasis added)). It is also not clear that a violation of defendant's internal policies even occurred, given that the policy document in effect at the time of the incident instructed employees to "photograph the area [of the incident], as needed." Docket No. 65-10; *see also* Docket No. 65-3 (directing employees to retain "relevant evidence"); Docket No. 65-8 at 4, 95:3-14 (testifying that defendant's best practices require employees to photograph the area of an incident "[i]f needed"). The uncontroverted testimony of defendant's employees is that there was nothing on the floor where plaintiff fell and thus no reason to take photographs of the area. *See* Docket No. 65-6 at 9, 51:9-14; Docket No. 65-7 at 3, 27:3-5; Docket No. 65-11 at 7, 71:21-72:7; *cf. Hatfield v. Wal-Mart Stores, Inc.*, 335 F. App'x 796, 804 (10th Cir. 2009) (unpublished) (noting that a company "is not expected to be prescient" with regard to the preservation of evidence).

11

cameras 3, 4, 12, and 15 – were not typically pointed at that area. *See* Docket No. 46-2 at 6, 16, 28, 18:3-19:8 (testifying that "[n]ot every foot of [the] building is covered by cameras" and that the camera at the west entrance points "at the doors to see customers coming in and out of the building," not at the edge of the carpet where plaintiff fell), 57:18-23 (identifying camera 15 as the still camera at the west entrance), 59:9-20 (identifying camera 12 as the power-to-zoom camera pointing at the west entrance), 106:10-18 (testifying that neither camera 3 nor camera 4 points toward the location of the incident). Plaintiff has not come forward with any evidence to contradict Mr. Best's testimony that he found no video showing the fall and has therefore failed to demonstrate that relevant surveillance video was improperly destroyed. *See Rowe v. Albertsons, Inc.*, 178 F. App'x at 861 (denying request for spoliation sanctions where "the undisputed evidence indicated that the recycled videotape did not show Mr. Rowe's fall or the liquid on the floor"); *Zbylski*, 154 F. Supp. 3d at 1160 (noting that the party moving for spoliation sanctions "has the burden of proving, by a preponderance of the evidence, that the opposing party failed to preserve evidence or destroyed it").[9]

Because plaintiff has failed to establish the requisite elements of a spoliation

---

[9]Even if one of the cameras captured the location of the incident, plaintiff has made no showing that it would have depicted water on the floor. Plaintiff's citations to *Stedeford v. Wal-Mart Stores, Inc.*, 2016 WL 3462132 (D. Nev. June 24, 2016), and *Rivera v. Sam's Club Humacao*, 2018 WL 4705915 (D.P.R. Sept. 28, 2018), are inapposite. In *Stedeford*, unlike in this case, the evidence showed that the incident was captured on camera. *See* 2016 WL 3462132, at *1-2, *11 (discussing video footage, which ended "abruptly" 10-13 minutes before plaintiff's slip-and-fall). In *Rivera*, there was no evidence of video depicting the actual incident, but a jury could have concluded that footage showing plaintiff's injuries after the fact did exist and was improperly destroyed. 2018 WL 4705915, at *10. Plaintiff makes no such argument in this case.

claim, the Court will deny his motion for sanctions.[10]  Absent a spoliation presumption or adverse inference, plaintiff cannot demonstrate a triable issue of fact as to his premises liability claim.  Accordingly, the Court will grant defendant's motion for summary judgment.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Plaintiff's Motion for Sanctions Due to Defendant's Spoliation of Evidence [Docket No. 63] is **DENIED**.  It is further

**ORDERED** that Defendant Kohl's Department Stores, Inc.'s Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56(a) [Docket No. 38] is **GRANTED**.  It is further

**ORDERED** that plaintiff's complaint [Docket No. 2] is **DISMISSED** with prejudice.  It is further

**ORDERED** that, within 14 days of the entry of this Order, defendant may have its costs by filing a Bill of Costs with the Clerk of the Court.  It is further

**ORDERED** that this case is closed.

---

[10]Given the Court's resolution of the spoliation issue, the Court need not address whether plaintiff's motion was timely.  See Docket No. 65 at 1-2 (arguing that plaintiff's motion was untimely and improper).  The Court also will not determine whether defendant is entitled to attorney's fees and costs under Fed. R. Civ. P. 11.  See id. at 12.  Any such request must be made in a separate motion.  See D.C.COLO.LCivR 7.1(d) ("A motion shall not be included in a response or reply to the original motion.").

DATED January 17, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge